# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-01-404 |
| | § | |
| AGUSTIN ALDAPE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER
## DENYING WITHOUT PREJUDICE MOTION FOR TRANSCRIPTS

Pending before the Court is a motion filed by Defendant Agustin Aldape ("Aldape") and received by the Clerk on July 28, 2008. (D.E. 34.) In his motion, Aldape requests that he be given free copies of the transcripts and other documents from his criminal case. He states that the documents are required in order to file a motion pursuant to 28 U.S.C. § 2255. (D.E. 34 at 1.)

Notably, Aldape has no active proceedings before this Court warranting the copying of transcripts or other documents at government expense. The judgment in Aldape's criminal case was entered on April 25, 2002, and he did not appeal. Instead, he filed a motion to vacate his sentence under 28 U.S.C. § 2255, which was received by the Clerk on September 9, 2003. The Court denied that motion as time-barred in an order and final judgment, both entered on December 31, 2003. (D.E. 32, 33.) Aldape did not appeal from

1

that denial and has not filed any other post-conviction motions.

Assuming that Aldape could establish that he is indigent,[1] an indigent defendant has a statutory right to free court documents, including transcripts, in particular circumstances. See 28 U.S.C. § 753(f); United States v. MacCollum, 426 U.S. 317 (1976). The defendant must establish, however, that the transcripts are needed to decide an issue in a pending suit and that the suit is not frivolous. 28 U.S.C. § 753(f).

As noted, Aldape does not have a pending suit before the Court. Although he apparently seeks the transcripts in order to file a § 2255 motion, no such motion has yet been filed.[2] Accordingly, he fails to meet the statutory requirements for free transcripts or documents. 28 U.S.C. § 753(f); see also United States v. Herrera, 474 F.2d 1049, 1049-50 (5th Cir. 1974) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent.").

Thus, Aldape's motion for transcripts at government expense is DENIED WITHOUT PREJUDICE. In the event that he files a § 2255 motion, he may then request again copies of specific documents or transcripts. The Court further notes that Aldape is not precluded

---

[1] Aldape has not yet submitted an affidavit of indigency, nor any financial information concerning his prison account or his financial condition. Because the Court resolves his motion on other grounds, it is not necessary to make a determination at this time as to whether Aldape is, in fact, indigent.

[2] Any such motion filed in the future would likely be time-barred. Moreover, absent extraordinary circumstances, it is likely that any subsequent § 2255 motion will be barred as a second or successive motion.

from filing a § 2255 motion merely because he does not have transcripts from his case. Indeed, § 2255 motions are frequently filed without the benefit of transcripts.

If Aldape is interested in receiving specific transcripts or documents at his own expense prior to filing his § 2255 motion, he may contact the Clerk to request them. To that end, the Clerk is directed to provide Aldape with a copy of the docket sheet in his case, as well as instructions as to how to order transcripts or to purchase copies of records.

## CONCLUSION

For the reasons set forth above, Aldape's motion for transcripts and documents (D.E. 34) is DENIED WITHOUT PREJUDICE. Additionally, the Clerk is directed to provide him with a copy of the docket sheet in his case, as well as instructions as to how to order copies of his transcripts or other records.

ORDERED this 10th day of August, 2008.

_____
HAYDEN HEAD
CHIEF JUDGE