IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-01-404 |
| | § | |
| AGUSTIN ALDAPE, | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING LETTER MOTION FOR REDUCED SENTENCE**

On December 19, 2008, the Court received a letter purportedly from Defendant Augustin Aldape's 13-year old son. (D.E. 38.) The Court has directed that it be filed under seal based on a number of attachments that contain information personal to the son and his family. In it, Aldape's son requests that this Court allow his father to be released early from prison so that he may be reunited with him. There are repeated references in the letter and attachments to the "Second Chance Act" and the Court construes the motion as requesting relief pursuant to that law.[1]

---

[1] The Second Chance Act of 2007, Pub. L. No. 110-199 § 251(a), 122 Stat. 657 (April 9, 2008) amended various provisions of the United States Code. It has been described as directing "a shift from policing those on parole to rehabilitating them" and places on the "parole system . . . an increasing special obligation to help federal offenders successfully reenter into society." United States v. Wessels, 539 F.3d 913, 915 (8th Cir. 2008) (Bright, J., concurring). The Act includes funding for such services as appropriate drug treatment, job training and placement, educational services, and other services or support needed for reentry, and is intended to rehabilitate prisoners to reduce recidivism. Id. One of the amended provisions is 18 U.S.C. § 3624(c), which authorizes home confinement and placement in community correctional facilities (halfway houses). Relevant to the instant letter motion before the Court, that statute has been modified to permit the Bureau of Prisons

As an initial matter, the Court notes that the proper person to be seeking any type of relief from the Court is Aldape himself, not his minor son. The Court understands that Aldape's son wants his father to be home with him and commends his son for trying take action to try to achieve that. Nonetheless, Aldape's minor son is not a party to this criminal case and motions from him will not be considered.

Moreover, even if the request for relief had come directly from Aldape, this Court has no authority to order the relief sought. To the extent that he is seeking a change or reduction in his sentence, the Court is without authority to grant that relief. This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c). The letter before the Court fails to assert grounds for modification that fall into any of the categories above. Therefore, the Court does not have authority to alter Aldape's sentence.

---

to place someone in a community corrections facility for up to 12 months, instead of limiting that time to six months. See 18 U.S.C. § 3624(a)

Moreover, the decision of an offender's placement is ultimately a decision to be made by the Bureau of Prisons, in its discretion. Any request for placement on extended home confinement, in particular, is not properly addressed to this Court. Indeed, in United States v. Sneed, 63 F.3d 381 (5th Cir. 1995), the Fifth Circuit declined to address the defendant's request to be allowed to serve the remainder of his sentence on home confinement. It reasoned that:

> [S]uch requests are properly directed to the Bureau of Prisons. See 18 U.S.C. § 3624(c) (1988) (providing that Bureau of Prisons has the authority to "place a prisoner in home confinement"); see also Prows v. Federal Bureau of Prisons, 981 F.2d 466, 469 (10th Cir. 1992) ("Nothing in § 3624(c) indicates any intention to encroach upon the Bureau's authority to decide where the prisoner may be confined during the pre-release period."), cert. denied, 510 U.S. 830, 114 S. Ct. 98, 126 L. Ed.2d 65 (1993).

Sneed, 63 F.3d at 389 n.6. Thus, it is the BOP's decision as to whether or not to place Aldape on home confinement, not this Court's.

## **CONCLUSION**

For the foregoing reasons, the letter motion from Aldape's son (D.E. 38) is DENIED.

It is so ORDERED this 25th day of February, 2009.

_____
HAYDEN HEAD
CHIEF JUDGE